SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION:   SECOND DEPARTMENT

-------------------------------------XXX

THE PEOPLE OF THE STATE OF NEW YORK,

                    Respondent,

          -against-                              Ind. No. 2415/08
                                                 Docket No. 2009-07167

HAROLD GOPAUL,

                    Defendant-Appellant.

-------------------------------------XXX


## PRO-SE SUPPLEMENTAL BRIEF


                                        HAROLD GOPAUL.
                                         Appellant-Pro-Se
                                        P.O. Box 2002
                                        Dannemora, NY 12929-2002

# TABLE   OF   CONTENTS

**PAGE**

STATEMENT PURSUANT TO RULE 5531                                              2

PRELIMINARY STATEMENT                                                        3

STATEMENT OF FACTS                                                           5

QUESTIONS PRESENTED                                                         10

ARGUMENTS:

      POINT I    - DEFENDANT'S CONSTITUTIONAL RIGHTS
                VIOLATED UNDER U.S.C.A. CONST. AMEND
                5.                                                11

      POINT II   - THE COURT ALLOWED EVIDENTIARY ERRORS
                TO OCCUR OVER THE OBJECTIONS OF
                DEFENSE COUNSEL                                   14

      POINT III - THE PROSECUTION VIOLATED DEFENDANT'S
                RIGHTS BY NOT UTILIZING EXPERT
                TESTIMONY IN REGARDS TO THE VICTIM'S
                CLAIMS OF SEXUAL ABUSE.                           18

      POINT IV   - IS THE DEFENDANT ENTITLED TO POST
                CONVICTION RELIEF.                               20

      POINT V    - WAS DEFENDANT'S SENTENCE ILLEGAL
                INSOFAR AS THE COURT IMPOSED A FIVE
                YEAR PERIOD OF POST RELEASE SUPERVISION
                ON COUNT 14 TO RUN CONSECUTIVE WITH
                THE OTHER 13 COUNTS WHICH RAN
                CONCURRENT TO EACH OTHER.  Further,
                DID THE TRIAL COURT INCORRCTLY
                SENTENCE DEFENDANT ON COUNT 14,
                SINCE COUNT 14 ON THE VERDICT SHEET WAS
                NOT A GUILTY COUNT OF THE TRIAL JURY
                (TM 866 - 867) (EXHIBIT 3 + 4)                  21

TABLE OF CASES                                                              23

CONCLUSION ............                                                     24

(1)

SUPREME COURT OF THE STATE OF NEW YORK

APPELLATE DIVISION:   SECOND DEPARTMENT
--------------------------------------------XX

THE PEOPLE OF THE STATE OF NEW YORK,

                                    Respondent,

                -against-

HAROLD GOPAUL,

                                    Defendant-Appellant

--------------------------------------------XX


                    Statement Pursuant To Rule 5531


1.   The Indictment Number in Nassau County Supreme Court is 2415N/08.


2.   Tha Appellate Division-Second Department Docket Number assigned
     to this appeal is:  2009-07167.


3.   The full names of the original parties to this appeal are:
     The People Of The State Of New York against Harold Gopaul.


4.   This action was commenced in Nassau County Court by the filing
     of an indictment against Defendant-Appellant on October 30,2008.


5..  This appeal is from a judgment convicting Defendant-Appellant,
     after a trial by jury, to fourteen (14) counts of sexual abuse
     abuse in the first degree.


6.   The judgment and sentence of Nassau County Court was rendered on

     July 15, 2009. (McCormack, J.) (2)

## PRELIMINARY STATEMENT

This is an appeal from a judgment of the Nassau County Court, rendered on the 15th day of July 2009, after a trial by jury, which convicted defendant on 14 counts of sexual abuse in the first degree, a Class D Felony, P.L. § 130.65 (TM 915).

The defendant was sentenced (SM 26) to Ct 1 - 7 yrs + 5 yrs PRS, Cts. 2 - 13 to 7 yrs + 5 yrs concurrent to each other, and concurrent to Ct 1; and 5 yrs + 5 yrs PRS to Ct 14, consecutive to counts 1 - 13.

Outside of the victim, only witnesses from Queens County were called.

A Motion in Limine (P 82-3 +4) was filed, and stated that any pending charges, materials, namely information or charges that defendant is charged with in Queens, is not to be admitted, and cited that the N.Y. State Court of Appeals proscribes that conduct.

Throughout the trial testimony of prosecution witnesses ie. (TM121) lies, false statements, and contradictions were made, over the objections raised continously by defense counsel.

Detective Shulman (Queens) perjuried his testimony (TM 135) by stating on 6/24/08, that defendant never asked to speak to an attorney.

Defendant's statements (TM 288) that Detective Shulman forced him to initial papers, and threatened him. (TM290).

Defense counsel cited (TM398-400) **People v Leeson - Court of Appeals,** re: allegations of sexual misconduct between same complainant and defendant.

(3)

Defendant filed a timely notice of appeal. This esteem Court granted the defendant-appellant leave to appeal as a poor person on the original papers. A Order from this Court on October 24, 2011, appointed Leon H. tracy to represent defendant in his appeal. Defendant-Appellant is presently incarcerated at Clinton Correctional Annex, P.O. Box 2002, Dannemora, NY 12929-2002.

By decision and order dated, August 22, 2012, defendant was granted for leave to file a supplemental brief.
On October 23, 2012 appellant filed motion to enlarge time to file his supplemental brief. Appellant's application was placed on the motion calendar for **11/16/12.**
Defendant has not received any reply motions/affidavits to his motion, nor a decision & order from this Court as to his approval of time to file, as of the date of this filing.

(4)

## STATEMENT OF FACTS

Defendant contends that he is entitled to post-conviction relief. Throughout the initial contact with the Queens County Police Dept. Precinct 105, defendant's right's to assistance of counsel, and protection against self-incrimination, as guaranteed by the **U.S.C.A. Const. Amends 5,6** were violated.

Defendant states that prosecutor used statements that were both exculpatory and/or inculpatory, and all a result of his illegal custodial interrogation. **U.S.C.A. Const. Amend 5.**

The unlawful quote **"arrest"** when defendant walked into the Queens County Precinct 105 on **6/24/08, at 2:30a.m.** to report his step-daughter, (daughter to him) was missing, and was violated of his **State Const., Art I & U.S.C.A. Amend 5,6.**

**Defendant,** Harold Gopaul was taken into custody immediately, roughed up, (denied by police testimony), interrogated at length, and arrested, even before the interrogation.

**Defendant's** legal rights to place a call to an attorney, and simply a call to his wife, denied by detective Schulman (TM101-102), his illegal detention, not being told he was under arrest, all violated his **due process rights.**

Defendant states that his unlawful interview so tainted his his hour after hour of questioning, that his written confession (TM 290), and his initialed paper could not have been deemed as voluntary or reliable.

Defendant's trial judge denied him a **fair & equitable** judicial review by allowing his cohearsed, forced statements, and his subsequent video by Queen's County Asst. District Attorneys into evidence. (TM 374).

Defendant states that his initials and statements made were not voluntarily made, but the **product of coercion, duress, etcetra.**

On cross with detective Schulman (TM 226, & Police Officer, Alfaro (TM 269) defendant was with her in custody for 19 hours. Further, (TM 343) consents to search were not done properly, and extracted violently, and court was asked to suppress these statements, but denied motion.

Defense attorney's arguments and objections (TM 401-410) clearly show arguments raised for defendant's violation of his **process rights, & further arguments/rearguments on defendant's 5th Amendment Rights, re: Queens matter.**

The court ruled on **Molineaux** evidence and allowed the admission of defendant's video statement, video recording, two written statements, all to be used by prosecution on direct, without redactions. (TM 292).

Any and all statements made to detective Schulman during the time frame that defendant was held, under arrest, illegally, should without question have been suppressed.

Defendant cites; (without reference), a recent case, **People v Guilford [4th Dept.6/12]** (Exhibit 6). where a defendant in a subsqunt period of questioning, with an attorney present, finally confessed to the crime alleged.

(6)

In the case at hand, defendant herein, his trial judge **did not** suppress his statements, consents to search, and video, but **all** allowed such in o his trial as evidence.

Defendant contends that he could not get a justice verdict from his jurors since the evidence presented tainted their (jurors) final verdict of guilty.

In the **People v Guilford [4th Dept-2012]**, (Exhibit 6), a three (3) member majority of this esteem Supreme Court, Appellate Division concluded a **49 hour** interrogation did not taint a subsequent round of questioning.

In the **Guilford** case, the two (2) member minority concluded the unlawful initial interview tainted the subsquent round of questioning even with an attorney present.

Further, defendant was charged with a Misdemeanor B -P.L. **$ 130.55** in original charge (TM 569).

Defendant during his long period of **"custodial interrogation"**, and held in a 8 X 10 room, with no food, only a bottle of water, after a long period of time, and one bathroom break, also after being forced to sign papers, was a victim of police brutality in order to induce a confession.

Defendant went from Sunday, June 22, 2008 at 9:oo p.m. to Wednesday, June 25, 2008, at approximately 9:00 p.m. before he received any food, which consisted of two (2) slices of bread, and a cup of tea, from an inmate at the Bronx boat, where he was taken. Prior to this date and time, all defendant had was a half a bottle of water, given to him on June 24, 2008, from the ADA, Queens, during the video recording.

**(7)**

Defendant was feed in the morning of the 26th of June in Bronx jail (boat), and for lunch, he had 2 cheese & salami sandwiches, and juice. Defendant was released at approximately 7:10 p.m., went to his attorney's office at approximately 8:30 p.m., and at 10:10 p.m. was admitted to Long Island Jewish Hospital, ER for check-up due to the restraint and force used on him by officers of the 105 th precinct.

Defendant was detained, arrested, and in custody for approximately **94 hours**, from 6/22/08 through 6/26/08, without adequate food, drink, rest, sleep, telephone call, etc.

Police officer Alfaro, states that she was called while on patrol, to make the arrest of defendant, but in her testimony (TM 586) she states: "I didn't do the initial arrest, but I was the arresting officer."

Detective Moran, from Nassau County police Dept. testified to his notes of 7/22/08, which indicated the discrepencies in his report taken from Sana Awan (TM 752 - 756).

Summation instructions (TM 843) regarding forcible compulsion, and intent, for which the evidence and testimony did not support.

Defendant states that his testimony (statement) is not voluntary since it was obtained from him by Detective Schulman by use of physical force, being threatened with further force, all by improper conduct, and undue pressure asserted by Detective Schulman.

The fact of the matter is that defendant went into the 105 th Precinct to report his daughter missing.

The defendant clearly states that he was denied his right to call an attorney, let alone his wife to inform her what had occurred.

(8)

Defendant states that no substantial evidence was presented, and verified that any forcible compulsion in the act charged was proven. (TM 843, 849, 851).

The jury was unclear of the definition of forcible compulsion, and it was repeated three (3) times. (TM 903).

The jury's verdict on May 15, 2009 (TM 912 - 913), found the defendant guilty of **counts 1,3,5,7,9,11,13,15,17,19,21,23,25, & 27.** All these counts totaled **14 cts.** of guilty verdict.

Defense attorney made a motion for verdict of aquittal, not withstanding judgment of jury, for prosecutor failed to prove, as a matter of law- guilt beyond a reasonable doubt. (TM 919). Judge denied motion for mistrial regarding the District Attorney bringing in proof of things that happened in Queens County, for which the jury may have been tainted by other charges pending. (TM 920).

The sentence was rendered on defendant on 7/15/09, and the sentence and judgment of the court was given on the 14 counts the defendant was found guilty on by the jury. (TM 26 -27).

The defendant further contends that his trial judge violated his **due process rights** by granting the People's motion/application for **Molineux,** and cited **People v Leeson 12 NY 3d 823[2009].**

In the case at hand, the jurors minds were tainted by the admission of evidence of charged crimes of the same nature in Queens County.

The court by allowing the charges in Queens County to come into his case in Nassau was highly **prejudicial.**

In the **interest of justice,** this evidence should have been denied as **prohibitive by law,** and this was not a **harmless error,** by defendant's trial court, and **denied him his constitutional right to testify.**

# QUESTIONS PRESENTED

1. WAS DEFENDANT"S CONSTITUTIONAL RIGHTS VIOLATED UNDER THE U.S.C.A. CONST. AMEND 5?

2. DID THE COURT ALLOW EVIDENTIARY ERRORS TO OCCUR OVER THE OBJECTION OF DEFENSE COUNSEL?

3. DID THE PROSECUTION VIOLATE DEFENDANT'S RIGHTS BY NOT UTILIZING EXPERT TESTIMONY IN REGARDS TO THE VICTIM"S CLAIMS OF SEXUAL ABUSE.?

4. IS THE DEFENDANT ENTITLED TO POST CONVICTION RELIEF?

5. WAS DEFENDANT'S SENTENCE ILLEGAL INSOFAR AS THE COURT IMPOSED A FIVE YEAR PERIOD OF POST RELEASE SUPERVISION ON COUNT 14 TO RUN CONSECUTIVE WITH THE OTHER 13 COUNTS WHICH RAN CONCURRENT TO EACH OTHER?

6, DID THE TRIAL COURT INCORRECTLY SENTENCE DEFENDANT ON COUNT 14 SINCE COUNT 14 WAS NOT A GUILTY COUNT OF THE TRIAL JURY? (TM 866-867).  (EXHIBITS 3+4)

## A R G U M E N T S

**POINT I:** DEFENDANT'S CONSTITUTIONAL RIGHTS VIOLATED UNDER THE
U.S.C.A. CONST. AMEND. 5.

Defendant states that in a recent United States Supreme
court case (not cited) involving 57 hours of questioning, it was
stated: :the possibility of a false confession increases with the
length of an interrogation."

Defendant alleges, and the records support that his constitutional
"due process rights" were violated in the case at hand.

Defendant relies on the testimony, and his belief in a law
enforcement officer, namely, Detective Schulman, in which he informed
Harold Gopaul that he would be allowed to call his wife, and/or go
home.

Defendant states that his **14th Amend.right to due process** was
clearly violated by Detective Schulman.

Defendant's statements must be accorded some weight regarding
his statements to police to explore some facets of the problems of
applying self-incrimination to the in-custody interrogation, and to
give concrete guidelines for law enforcement to follow. The **U.S.C.A.
Const. Amends. 5 & 6** guarantee rights to assistance of counsel and
protection of self-incrimination.

Prosecution may not use statements, whether excupatory or incul-
patory, stemming from custodial interrogation of defendant unless it
demonstrates use of procedural safeguards effective to secure privil-
ege against self-incrimination. **U.S.C.A. Amend 5.**

In the case here at hand, Queens Police Dept. - 105th Precinct,
took defendant into a **"custodial interrogation"** without counsel, and

therefore admissibility of defendant's statements arising from a long drawn out interrogation show questioning was started without giving defendant his rights, since he was in custody, and under arrest, as soon as he walked into police precinct and identified himself.

Therefore. defendant was deprived of his freedom of action in any significant way, as to call home, or seek counsel, or his reasoning for being there in the first place, his missing daughter.

Since the records and some of the testimony entered into evidence stated defendant was taken into custody before his being interviewed by Detective Schulman, he was not informed the right to remain silent.

Under **U.S.C.A. Const. Amends. 5 & 6**, defendant may waive effectuation of right to counsel and to remain silent, provided that waiver is made **voluntarily, knowingly, and intelligently.**

Defendant clearly states he was coerced into giving statements, and such abuse by police officers and detective were a mental strain asserted, and a trait of unconstitutional inquisition. **U.S.C.A. Const. Amend 5.**

It is clear here that defendant was held **incommunicato**, and his interrogation in a police dominated environment, which was both **physical** and **mental abuse,** and **intiminidation,** which was equally destructive to defendant's **human dignity.**

Defendant cites two (2) recent cases were a defendant's confession was obtained through police decption. The Appellate Division, **Second Dept.** decided in **People v Aveni. 09-00978,** that law enforcement trickery was unconstitutional. The law is clear that police can deceive a suspect to obtain a confession, as in the case at hand.

Defendant cites:   People v Adrian Thomas, R. Smith, Justice of New York Court of Appeals granted leave where the central issue is the potential for police to coerce an involuntary or false testimony /confession by deceiving the suspect. as defendant contends here in the case at hand. (NYLJ: 10/24/12).

Defendant, Harold Gopaul since day one of walking into the 105th Precinct, in Queens, to report his daughter missing, was violated.

Defendant was lied to by detective Schulman, not allowed any telephone calls, interrogated extensively, for a long period of time, made promises to, and evediently made an incriminating statement, initialed papers, gave a consent to search, and a video recorded statement.

Defendant clearly states that he was a victim of police deception, and mislead from first entering the 105Th Precinct, Queens. Defendant went for over a period of 68 hours with only a half bottle of water provided prior to making the video statement.   This is a clear example of police abuse, and deception.

Justice R. Smith, NYS Ct. of Appeals, states that this case is unusual in that police videotaped the entire interrogation so that the jurors could view same, witness the same, and find the defend-ant guilty, a fact that J. Smith seemed to find intriguing.

"It is not every day you get to review these sorts of things with a videotape," Smith said.

Defendant states that his trial court erred in his case for allowing his written statements, consents, and videotape into evidence, for all was obtained by coercive measures.

**POINT II:   THE COURT ALLOWED EVIDENTIARY ERRORS TO OCCUR OVER THE
OBJECTION OF DEFENSE COUNSEL.**

Defendant further contends that the errors of his trial
court in allowing evidence and testimony, over the objections of
his defense counsel throughout his hearings and trial were not
harmless.  **People v Crimmins, 367 NYS 2d 213.**

Defendant contends the only evidence of his implication in the
charged crimes, was the inconsistent testimony of his alleged
victim, and the coerced statements he made from the abuse of
Detective Schulman, all of which should clearly have beeb suppressed.

Defendant contends there was no medical evidence or mental
health evidence, or testimony given that supported the victim,s
statements, and allegations of sexual abuse.

Defendant contends the quantum and nature of the proof alleged
in his case does not overwhelmingly show his guilt.

Since the alleged crimes took place in defendant's company's
work vehicle, and the victim did not know precisely where she was,
accordingly to her testimony, defendant states that his trial judge
should have invoked the private motor vehicle exception.
**CPL 20.40[4][9].**, and this too submitted to his jury as a question
of fact.

Defendant asserts that the testimony provided by Detective
Schulman, and Police Officer Alfaro improperly bolstered the victim's
testimony

(14)

Statements/testimony by both Detective Schulman and Police Officer Alfaro, as well as the victim, Sana Awan, were inconsistent with their prior statements at the suppression hearing and the grand jury.

CPL 60.35 provides prior statements are not admissible, and efforts to use it to refresh the recollection of any witnesses must be in a manner that does not disclose its contents to the jury, as it did in the case at hand.  People v Fitzpatrick, 386 NYS 2d 28 [1st]

Defense attorney in questioning the victim, laid a proper foundation, and showed that three (3) of his adversary's witnesses, had on another occasions, made statements which are inconsistent with evidence, and a material part of their present testimony in trial.

Defense counsel set the stage for prior inconsistencies, and informed the witnesses of circumstances surrounding the making of statements, and inquired of them, if in fact they made said statements. People v Wise, 413 NYS 2d 334.

Defendant contends that normally the credibility of a witness is ordinarily a question for the jury.  The jury may choose to believe some, but not all, of a witness s testimony.

However, this esteem court reviews a record in a criminal action as a whole, and the record in case at hand show deficiences.

Defendant requestes that this esteem court as a matter of law reverse and remand this case since guilt has not been established beyond a reasonable doubt.

Defendant contends that the verdict was against the weight of the evidence. An alternative verdict would not have been unreasonable. We must "weigh the relative probative force of conflicting inferences

(15)

that maybe drawn from the testimony." **People v Bleakley, 515 NYS 2d 761.**

In the case at hand the prosecution persisted in efforts to refresh the witnesses recollection.

The prosecutor persisted in this line of questioning, and eventually elicited portions of the contents of the victim's statements.

Defendant further contends that the manner in which the prosecution elicited and used this information at times over the objection of defense counsel violated **CPL 60.35.**

In this state the general rule of evidence is well established that the party who is cross-examing a witness cannot... call other witnesses to condradict a witness' answers concerning collateral matters. **People v Pavao, 464 NYS 2d 458.**

Defendant contends the rebuttal testimony of witnesses to elicite the testimony the prosecution wanted had an obvious potential, and a prejudicial effect on defendant's jury, and his guilty verdict.

Defendant states, the evidentiary errors cannot be characterized as harmless in light of the circumstantial nature of much of the proof, and the conflicting testimony on key matters. **People v Stewart, 798 NYS 2d 570 [2005].**

Defendant further states, the evidentiary errors cannot be characterized as harmless as in his case under **CPL 60.35.**

Defendant alleges his trial court erred reversibly, over his defense attorney's objections by admission of his videotaped testimony, and it was highly prejudicial in that it painted defendant as one likely to have commited the acts charged.

Defendant states, " **it's** fundamental that the testimony entered of similar crimes charged in Queens County should not have been admissible if the **sole** reason is to show defendant was predisposed

to commit similiar crimes charged in another county.

The testimony of the "purported victim" and Detective Schulman, and Police Officer Alfaro wer highly prejudical in that it labeled the defendant as one who likely committed the act before the jury.

Therefore, as defense counsel on several objections, and on a motion that the indictment be dismissed without prejudice to the People, and to re-present any appropriate charges to another grand jury, should have been heard and granted, and this is a error that is not harmless.

Defendant alleges that his trial court committed **reversible error**, in his prosecution for sexual abuse in the first degree, for the proof presented at trial to the crimes alleged that took place in his work vehicle, and the victim did not know precisely where she was, and the approximate dates and times when the alleged crimes took place. Yet, defendant's victim had complete knowledge of the business addresses of some of her step-father's businesses since she as well as her mother and siblings had accompanied him at times. **People v Stewart, 798 NYS 2d 570 [2005].**

Lastly, defendant contends that his purported victim, Sana Awan, his step-daughter, fabricated the entire matter because she was upset with her mother and step-dad, because they stopped her from going out on dates, and seeing a older boy, and even sneaking out from school to see him.

**POINT III:**    **THE PROSECUTION VIOLATED DEFENDANT'S RIGHTS BY NOT**
**UTILIZING EXPERT TESTIMONY IN REGARDS TO THE VICTIM'S**
**CLAIMS OF SEXUAL ABUSE.**

Defendant cites under **NY State Const. Art 1, Sect 6,**
**that**  the creditibility of witnesses applies to evidence relative to
the case at hand, but also to matters of creditibility.
**People v Gonzales, 748 NYS 2d 333.**

Further, under the reliability of witnesses- due process-
Confrontation Clause applies were statement of witnesses were false,
not trustworthy, fabricated, coercive atmosphere, and the prosecution
is aware of said false statements/misrepresentations.

The law in regards to cases at the one now before it, and in
specific to cases involving sex crimes that expert witnesses be used.

Defendant alleges since the day of his arrest that his step-
daughter fabricated the entire story. Defendant has claimed his
innocence sine the day of his arrest, but forced to sign untrue
statements, and consents, etcetra.

Only the alleged victim, and defendant know that what was
claimed to have occurred, never happened.

Defendant alleges that prosecution violated his **due proces rights**
by not utilizing expert testimony to explain **physical** .... evidence,
or .. it's absence.

No medical records of the victim where presented to substant-
iate the alleged abuse, or mental health records, and expert
testimony regarding the alleged charges, and the emotional and mental
strain caused the victim to either corroborate the claim of sexual
abuse, or explain away apparently inconsistent behaviors, for which

none occurred.

Prosecution did not present either at a pre-trial hearing, suppression hearing, grand jury, or at trial, expert testimony, either because it did not meet the reqisite test, or does not "fit" the case at hand. (cite: Prye/Danbert Hearings).

Defendant contends no therapeutic records or psychiatric records of the victim were produced by the prosecution to provide crucial evidence of the alleged acts committed by defendant. Further, no medical records, and/or testimony to support the victim's allegations.

Defendant alleges that the victim had an anger motivation regarding both her mother and step-father regarding her dating an older boy, and this is the substance of the alleged acts.

Evidence  is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  <u>United States v Bagley, 473</u> <u>U.S. 667, 682, 105 S.Ct. 3375, 3383.</u>

Evidence is material if the failure to disclose it results in prejudice. <u>Kyles v Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555, 1566.</u>

POINT IV:   IS THE DEFENDANT ENTITLED TO POST CONVICTION RELIEF

Defendant contends that he is entitled to post conviction relief.  Defendant was convicted of 14 counts of sexual abuse in the first degree, a Class D Felony on July 15, 2009. Defendant appeals the order of sentence and judgment by Nassau County Court, McCormack, J.

Defendant was denied both his oral and written motions to dismiss and vacate the judgment of conviction.

Defendant contends as in **People v Cooperwood, 98 AD 3d 1278 [4 th Dept -9/28/12]**, that his defense counsel's allegations raised issues of fact, for which the trial judge denied.

**Trial court** erred in denying, without holding a hearing, his motion to vacate judgment.

(20)

**POINT V:**    **WAS DEFENDANT'S SENTENCE ILLEGAL INSOFAR AS THE COURT
IMPOSED A FIVE YEAR PERIOD OF POST RELEASE SUPERVISION ON
COUNT 14 TO RUN CONSECUTIVE WITH THE OTHER 13 COUNTS WHICH
RAN CONCURRENT TO EACH OTHER. FURTHER DID THE TRIAL COURT
INCORRECTLY SENTENCE DEFENDANT ON COUNT 14 SINCE COUNT 14
ON THE VERDICT SHEET WAS NOT A GUILTY COUNT OF THE TRIAL
JURY (TM 866-867).**

Defendant was sentenced to 14 counts of Sexual Abuse –
First Degree, Class D Felony – P.L. 130.65

Defendant had no prior history of sex offenses, or any mental
illness.

Defendant was offered a sentence of probation to plead to 2 cts
of Sexual Abuse, first.   Defendant rejected the offer and claimed
his innocence.   Defendant's sentence is unduly harsh for going to
trial  to prove his innocence. Further, sentence is harsh under the
alternative definite sentences for Class D & Class E sexual abuse.

Defendant further contends that his statements and video used,
for which they were coerced, and he was threatened by Detective
Schulman, Queens County, Precinct, in this matter, if suppressed,
would not have prejudiced his jury to find him guilty of the charges.

Defendant contends that the disparity between the sentence
which was offered him to plead, and the sentence which the court
imposed on him for asserting his right to trial, caused him to be
impermissibly penalized.

Defendant requests this esteem court, if nothing else is granted,
that the judgment be modified, on the law, and as a matter of
discretion in the interest of justice.

When a person is subject to two (2) or more periods of post release supervision, such periods shall merge with and be satisfied by discharging of the period of PRS with the longest time. **PL 70.45 (5)(c)**.

Defendant states that the counts of sexual abuse were duplicitous by the facts that the counts charged but one criminal act, but the evidence claimed made plain that each count occurred during a particular time frame.

Defendant contends that the counts of indictment are duplicitous and should be dismissed. Issue was preserved for review by defense counsel moving to dismiss the entire indictment.

Further, defendant contends that in the interest of justice **(CPL 470.15[3][c] all counts that are duplicitous must be dismissed**.

**Therefore,** defendant's sentence must be modified. **People v Levandowski, 8A.D. 3d 898, 899**.

Sentence was illegal insofar as the court imposed a five-year period of post-release supervision on two counts of sexual abuse in the first degree. **People v Roman (2007, 4th Dept), 842 NYS 2d 640**.

**(22)**

## TABLE OF CASES / AUTHORITIES

Page/s

**United States Cases:**

Kyles v Whitley, 514 U.S. 419, 434,115 S.Ct. 1555,1566 — 19
U.S. v Bagley, 473 U.S. 667,682, 105 S.Ct. 3375,3383 — 19

**New York Court of Appeal Cases:**

People v Leeson, 12 NY ed 823 [2009] — 3,9

**New York Supreme Court, Appellate Division Cases:**

People v Aveni, 090078 (2nd Dept. 10/17/12) — 12
People v Bleakley, 515 NYS 2d 761 — 16
People v Cooperwood, 98AD 3d 1278(4th-9/28/12) — 20
People v Crimmins, 367 NYS 2d 213 — 14
People v Fitzpatrick, 386 NYS 2d 28 (1st Dept) — 15
People v Guilford ( 4th Dept-6/12) [ Exhibit 6) — 6,7
People v Gonzales, 748 NYS 2d 333 — 18
People v Levandowski, 8AD 3d 898,899 — 22
People v Pavao, 464 NYS 2d 458 — 16
People v Roman, 842 NY 2d 640 (4th Dept-2007) — 22
People v Stewart, 798 NYS 2d 570 — 16,17
People v Smith,A. (NYLJ-10/24/12) — 13
People v Wise, 413 NYS 2d 334 — 15

**Statutes:**
NYS Const. Art. I, Sect 6 — 5,18
U.S.C.A. Const. Amend 5 — 5,6,11,12,13
U.S.C.A. Const. Amend 6 — 5,11
U.S.C.A. Const. Amend 14 — 11

CPL 20.40[4][a] — 14
CPL 470.15[3][c] — 22
CPL 60.35 — 15,16
PL 70.45(5)(c) — 22
PL 130.55 — 7
PL 130.65 — 3,21

**Other:**
Frye/Danbert Hearings — 19

## CONCLUSION

THIS ESTEEM COURT HAS THE AUTHORITY TO REVIEW AND RENDER A FAIR
AND JUST DECISION. DEFENDANT STATES THAT IN HIS CASE BEFORE YOU
THAT THE JUDGMENT OF CONVICTION BE REVERSED, AND THIS MATTER
REMITTED FOR A NEW TRIAL. FURTHER, THAT THE INDICTMENT BE
DISMISSED IN THE INTEREST OF LAW, AND THE INTEREST OF JUSTICE.
IF NOTHING ELSE, THAT HIS SENTENCE AND POST RELEASE SUPERVISION
BE MADIFIED IN ACCORDANCE WITH THE LAW, STATUTES, AND IN THE
INTEREST OF JUSTICE.

Respectfully Submitted,

*Harold Gopaul*
Harold Gopaul
09A3978

Appellant-Pro Se

P.O. Box 2002
Dannemora, New York 12929-2002

DATED: November 30, 2012

VERIFICATION

STATE OF NEW YORK )
COUNTY OF CLINTON ) ss.:
CITY OF DANNEMORA )

HAROLD GOPAUL (09A3978)_____, being duly sworn, deposes and

says that: " I am the Deponent and litigant in the instant

proceeding, and have read the foregoing documents, and all other

papers submitted by me, and in my behalf, and know the contents

therein; that the same is true and accurate to the best of my

knowledge and belief, except as to those matters cited as based

upon " information and belief", and, as to those matters, I

believe them to be true, based upon what is presently known and

understood by me, as true and accurate."

Dated: November 30, 2012

At: Dannemora, New York

Sworn to before me this

30th day of November 2012

_____
NOTARY PUBLIC

*Harold Gopaul*
Harold Gopaul (09A3978)

CLINTON CORRECTIONAL FACILIY ANNEX

P.O. BOX 2002, DANNEMORA, N.Y.

12929-2002

NOTE: Notary not available
Verification witnessed by:

*Gerard Ippolito*
Gerard Ippolito          07B3585

*Scott Milford*
Scott Milford           12B1084