*To Be Argued by:*
**Barbara Kornblau**
**(10 minutes)**

# NEW YORK SUPREME COURT

## Appellate Division - Second Department

**THE PEOPLE OF THE STATE OF NEW YORK,**

*Respondent,*

- *against* -

A.D. No. 07167/2009
Ind. No. 2415N/08

**HAROLD GOPAUL,**

*Defendant-Appellant.*

## RESPONDENT'S SUPPLEMENTAL BRIEF

**KATHLEEN M. RICE**
*District Attorney, Nassau County*
*Attorney for Respondent*
262 Old Country Road
Mineola, New York 11501
(516) 571-3800

Tammy J. Smiley
Barbara Kornblau
  Assistant District Attorneys
    *of Counsel*

**CONFIDENTIAL PURSUANT TO CIVIL RIGHTS LAW § 50-b**

# TABLE OF CONTENTS

Page

Preliminary Statement ......................................... i

Statement of Facts ............................................ 1

Point I
  Defendant's   Statements   Were   Voluntarily   And
  Lawfully Obtained And Were A Product Of Defendant's
  Own Free Will................................................ 2

Point II
  Defendant's   Claim   That   The   Court   Committed
  Reversible Error Is Entirely Meritless, As Are His
  Claims That The Evidence Was Insufficient And The
  Verdict Was Against The Weight Of The Evidence.............. 7

Point III
  Defendant's   Claim   That   The   Evidence   Was   Legally
  Insufficient   Is   Unpreserved   And   Wholly   Without
  Merit...................................................... 12

Point IV
  Defendant's Claim That The Court Improperly Denied
  His   Motion   To   Vacate   Judgment   Is   Meritless   As
  Defendant   Never   Filed   A   Motion   To   Vacate   The
  Judgment,   And   In   Any   Event,   This   Claim   Is
  Improperly Raised On Direct Appeal......................... 14

Point V
  Defendant's Sentence Is Entirely Proper.................... 15

Conclusion ................................................... 19

Certificate of Compliance

# NEW YORK SUPREME COURT

Appellate Division - Second Department



**THE PEOPLE OF THE STATE OF NEW YORK,**

*Respondent,*

*- against -*

**HAROLD GOPAUL,**

*Defendant-Appellant.*

## RESPONDENT'S SUPPLEMENTAL BRIEF

### Preliminary Statement

Defendant appeals from a judgment of the Supreme Court, Nassau County, rendered July 15, 2009, convicting him, following a jury trial, of fourteen counts of sexual abuse in the first degree (Penal Law § 130.65[1]) and sentencing him to concurrent determinate terms of seven years' imprisonment and five years' post-release supervision on his convictions for sexual abuse in the first degree under the first thirteen counts, and a consecutive determinate term of five years' imprisonment and five

i

years' post-release supervision on his conviction under the fourteenth count (McCormack, J.).

Defendant is incarcerated pursuant to the judgment of conviction.  There were no codefendants.

S T A T E M E N T   O F   F A C T S

The People rely on the Statement of Facts set forth in their main brief dated October 22, 2012.  Any additional facts relevant to a determination of defendant's pro se supplemental brief are incorporated into the arguments below.

POINT I

DEFENDANT'S STATEMENTS WERE VOLUNTARILY AND LAWFULLY
OBTAINED AND WERE A PRODUCT OF DEFENDANT'S OWN FREE WILL
(answering defendant's brief, Point I).

Defendant claims that his oral, written, and videotaped
statements were obtained in violation of his constitutional
rights. Specifically, defendant alleges that he was not advised
of his Miranda rights, that he was physically and mentally abused
by the police, and that the conditions of his confinement were
coercive, thereby rendering his statements involuntary.
Respondent has thoroughly addressed these arguments in its main
brief, Point One, and relies on the arguments contained therein.

To the extent, however, that defendant raises several cases
that he contends supports his position, and which were not raised
in his main brief, those cases are easily distinguished from
defendant's case as follows:

In People v. Aveni, 100 A.D.3d 228 (2d Dept. 2012), the
defendant was suspected of injecting the victim with heroin.
Although police advised the defendant of his Miranda warnings,
they falsely informed him that the victim was alive and had
accused the defendant of injecting her with heroin. Police
further told the defendant that doctors were working on the
victim, and that it was imperative that they know what drugs she

2

had taken in order to properly treat her.    Police told the defendant that he could be responsible for her death if the doctors gave her any medications that adversely affected her. The defendant thereafter admitted having injected her with heroin.   This Court determined that by lying to the defendant and implicitly threatening him with a homicide charge if he remained silent, "the detectives eviscerated any sense the defendant may have had that he could safely exercise his privilege against self-incrimination."  Id. at 239.   Thus, this Court held that the defendant's statement was given involuntarily and should have been suppressed.

Defendant further cites to People v. Thomas, 93 A.D.3d 1019 (3d Dept. 2012), a case in which the Third Department, faced with similar facts, took a different position.   The Court of Appeals, however, has granted leave (19 N.Y.3d 1105 [October 23, 2012]). In Thomas, police suspected that the defendant had thrown his infant son.    They interrogated the defendant for two hours one day, followed by seven hours on the following day.   During the intervening period, the defendant was transported to the mental health unit of a local hospital after expressing suicidal thoughts,   and  kept  under  observation  for  fifteen  hours. The defendant was picked up by detectives upon his discharge from

3

the hospital and agreed to accompany them back to the station for questioning. He was again advised of and waived his Miranda rights. Police encouraged the defendant to tell the truth about what had occurred so that the doctors would be able to effectively treat his son even though at the time, police were aware that the defendant's son would not survive. The defendant thereafter admitted to having forcefully thrown his infant son on a mattress on three occasions. The Third Department held that these police tactics were not of the character to induce a false confession or render the defendant's confession involuntary. Nor were they so deceptive as to be "fundamentally unfair and [deprive the defendant] of due process." Id. at 1027.

In both Aveni and Thomas, the defendants were deceived into believing that their failure to speak to police could lead to their victim's death and ultimately greater criminal liability for themselves. In this case, however, police did not deceive defendant at all. Detective Schulman merely asked defendant if he knew why he was arrested. Defendant thereafter wrote out a statement in which he claimed to have slapped his daughter the previous weekend to discipline her (H57-58[1]; People's Exhibit 4

---

[1] Numbers in parentheses preceded by "H" refer to the minutes of the pre-trial hearing. Numbers in parentheses preceded by "T" refer to the trial minutes.

4

[defendant's first statement]). Less than one hour later, Detective Shulman told defendant that his step-daughter had made allegations that defendant had acted inappropriately toward her. Shulman asked defendant if he wanted to talk to him about that allegation (H107-08). Defendant stated that he felt bad about what had happened and that he wanted to make another statement. Defendant indicated that he did, and was again given a pad and pen and, again, he wrote and signed a statement. Defendant admitted that at the end of 2006, he began engaging in sexual contact with his step-daughter, wherein he would kiss her, and touch her vagina and breasts, and she would touch his penis (H108-10; People's Exhibit 5 [defendant's second statement]).

In sum, there is no evidence whatsoever that police provided defendant with false statements, misled him, or manipulated him in any way. Defendant's contention that the police promised that he would be allowed to go home if he admitted to sexually abusing his step-daughter is not supported by the evidence, nor is it credible that a defendant would believe that after admitting to sexually abusing a child he would be allowed to go home. Moreover, contrary to defendant's unsupported claims, there is no evidence that police threatened or forced him to make these written statements. Indeed, defendant's videotaped statement

5

clearly demonstrates that his statements were made voluntarily. He appeared calm and cooperative. He was not threatened, forced, induced, or compelled in any way to speak to the police or to make a statement. Moreover, defendant never complained of injuries, pain or discomfort and, as reflected on the videotape, did not appear to be injured, in pain, or in distress. Thus, the hearing court's determination that defendant's statements were made voluntarily and were the products of knowing, intelligent, and voluntary waivers of his <u>Miranda</u> rights (H434-36) is supported by overwhelming evidence.

## POINT II

DEFENDANT'S CLAIM THAT THE COURT COMMITTED REVERSIBLE ERROR IS ENTIRELY MERITLESS, AS ARE HIS CLAIMS THAT THE EVIDENCE WAS INSUFFICIENT AND THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE (answering defendant's brief, Point II ).

Defendant contends that the court committed reversible error because it (1) should have suppressed testimony that was inconsistent; (2) should have suppressed defendant's written and videotaped statements because they were coerced and prejudicial; (3) should have charged the jury as to jurisdiction pursuant to § C.P.L. 20.40(4)(g); (4) should have precluded testimony pertaining to similar crimes defendant committed in Queens County; (5) should not have allowed prior inconsistent statements, nor should it have allowed a witness's recollection to be refreshed.

Defendant argues that the court should have suppressed the testimony of the victim, Detective Schulman, and Officer Alfaro because, he contends, it was inconsistent with prior testimony. He fails, however, to specify how their testimony was inconsistent, nor does he allege on what basis the court should have suppressed the testimony. In any event, it is well settled that discrepancies in a witness's testimony "create a credibility question for the [fact finders] to be determined by them in the context of the entire body of evidence before them." People v.

7

Ford, 66 N.Y.2d 428, 439 (1985). It is not a basis for preclusion of the testimony.

Defendant's contention that the court should have suppressed his written and videotaped statements is fully discussed in the People's main brief at Point One and supra at Point I. Moreover, defendant's argument pertaining to the admission of other bad acts is discussed in full in the People's main brief at Point Two. The People rely upon its arguments contained therein.

Defendant appears to argue that because he sexually abused his step-daughter in a vehicle, that the jury should have been instructed that "[a]n offense committed in a private vehicle during a trip thereof extending through more than one county may be prosecuted in any county through which such vehicle passed in the course of such trip." C.P.L. § 20.40(4)(g). Defendant never requested that the court so instruct the jury, nor did he object to the charge as given. Thus, this claim is unpreserved for appellate review as a matter of law. See People v. Palmer, 34 A.D.3d 701 (2d Dept. 2006). Moreover, the victim in this case testified as to the exact location at which the abuse took place. That location was in Nassau County. Thus, jurisdiction was not based on C.P.L. § 20.40(4)(g), and the court was not required to so instruct the jury.

8

Defendant further contends that the court should not have allowed prior inconsistent statements, nor should it have allowed a witness's recollection to be refreshed. Defendant provides no further elucidation of his claim. He does not establish what the prior inconsistent statements were, nor does he indicate which witnesses' recollections were refreshed, nor does he specify why this was improper. To the extent, however, that prior inconsistent statements of a witness were introduced, the court properly instructed the jury that "the contents of a prior inconsistent statement are not offered for the truth of what happened. You may use evidence of a prior inconsistent statement only to evaluate the truthfulness or accuracy of the witness's testimony here at trial." (T842).

To the extent that defendant contends that the evidence was legally insufficient, the People have fully addressed this claim in its main brief at Point Three.

Finally, defendant asserts that the verdict was against the weight of the evidence. This claim is meritless and should be rejected by this Court. Where, based on all the credible evidence, a finding different from that of the factfinder would not have been unreasonable, this Court must weigh the relative probative force of conflicting testimony and "review any rational

9

inferences that may be drawn from the evidence and evaluate the strength of such conclusions." People v. Danielson, 9 N.Y.3d 342, 348 (2007); People v. Romero, 7 N.Y.3d 633, 643 (2006); People v. Cahill, 2 N.Y.3d 14, 57-58 (2003). This Court must then decide whether, based on the weight of the credible evidence, the factfinder was justified in finding the defendant guilty beyond a reasonable doubt. See People v. Danielson, 9 N.Y.3d at 348; People v. Bleakley, 69 N.Y.2d 490, 495 (1987). If the trier of fact failed to give the evidence the weight it should be accorded, this Court may set aside the verdict. See People v. Bleakley, 69 N.Y.2d at 495.

This review, however, is not an "open invitation" for a court to substitute its own judgment for that of the trier of fact. People v. Cahill, 2 N.Y.3d at 58. Issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the factfinder, who saw and heard the witnesses. See People v. Bleakley, 69 N.Y.2d at 495. Indeed, the factfinder's determination must be given great deference on appeal. See People v. Romero, 7 N.Y.3d at 645; People v. Bleakley, 69 N.Y.2d at 495; People v. Gross, 78 A.D.3d 1196, 1197 (2d Dept. 2010). Applying these standards here, the verdict was fully supported by the weight of the evidence.

There was more than adequate evidence for the factfinder to determine that defendant sexually abused his step-daughter on fourteen separate occasions. The People presented evidence -- through the testimony of SA[2], defendant's step-daughter -- that between May 1, and June 20, 2008, defendant fondled her breasts, touched her vagina using his hands, his mouth, and a vibrator, and that when she resisted, he threatened her with a knife. Moreover, SA's best friend, and the best friend's mother testified that SA disclosed the abuse to them on the night she ran away from her home so that she would not have to engage in sexual intercourse with defendant. The proof also consisted of defendant's admissions to the police.

In light of the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor, this Court should accord "great deference" to the factfinder's evident credibility determination that the prosecution's witnesses were believable. People v. Bleakley, 69 N.Y.2d at 495; see also People v. Romero, 7 N.Y.3d at 644-45. Accordingly, defendant's weight-of-the-evidence claim should be rejected as without merit.

---

[2] The victim will be referred to as "SA" to protect her identity.

11

## POINT III

DEFENDANT'S CLAIM THAT THE EVIDENCE WAS LEGALLY INSUFFICIENT IS UNPRESERVED AND WHOLLY WITHOUT MERIT (answering defendant's brief, Point III).

Defendant contends that his rights were violated because the People did not present expert medical or psychological evidence tending to corroborate the victim's allegations of sexual abuse. This claim is entirely without merit.

To begin, the victim's testimony alone constituted legally sufficient evidence. See People v. Clas, 54 A.D.3d 770 (2d Dept. 2008) (the sworn testimony of the victim establishing the required elements of the crime constituted legally sufficient evidence); People v. Brown, 287 A.D.2d 729 (2d Dept. 2001) (same); People v. Ali, 178 A.D.2d 418, 419 (2d Dept. 1991)(same). Thus, contrary to defendant's claim, there is no requirement that the People present expert medical testimony in a sexual abuse case. That is particularly so when the sexual abuse does not involve penetration and thus is not detectible through medical testimony. Moreover, although defendant contends that the People were required to provide psychological testimony to corroborate the sexual abuse, he does not cite to any authority requiring such psychological testimony, nor are the People aware of any such authority.

12

As to defendant's contention that the victim had a motive to lie because defendant was opposed to her relationship with an older boy, this allegation was explored by counsel during cross-examination of the victim (T527-30). The jury was thus in a position to evaluate this evidence without the need for an expert witness.

Notwithstanding the lack of expert testimony, a review of this evidence, viewed in the light most favorable to the prosecution, could lead any rational trier of fact to conclude that the essential elements of the crime of sexual abuse in the first degree were clearly established and were sufficient to support defendant's conviction.

13

## POINT IV

DEFENDANT'S CLAIM THAT THE COURT IMPROPERLY DENIED HIS
MOTION TO VACATE JUDGMENT IS MERITLESS AS DEFENDANT NEVER FILED A
MOTION TO VACATE THE JUDGMENT, AND IN ANY EVENT, THIS CLAIM IS
IMPROPERLY RAISED ON DIRECT APPEAL (answering defendant's brief,
Point IV).

Defendant contends that the court erred in denying his

motion to vacate judgment without holding a hearing. Defendant's

claim is meritless as he never filed a motion to vacate, nor did

the court deny such a motion.

In any event, had defendant filed a motion to vacate the

judgment, and had the court denied the motion, defendant's remedy

would be to seek leave to appeal to this Court from the order of

the trial court denying defendant's motion to vacate his judgment

of conviction. Because leave to appeal from the denial of a

motion to vacate judgment has not be sought nor granted, any

claim regarding such a motion is unreviewable on this direct

appeal.

14

POINT V

DEFENDANT'S SENTENCE IS ENTIRELY PROPER (answering
defendant's brief, Point V).

Defendant's contention that his sentence was harsh and
excessive is fully discussed in the People's main brief at Point
Four. To the extent that defendant claims that the counts of the
indictment were duplicitous, defendant's claim is meritless.
Moreover, his contention that the court improperly sentenced him
to a count of the indictment to which he was found not guilty is
not supported by the record. Finally, his contention that the
court improperly imposed consecutive five-year periods of post-
release supervision is meritless.

Defendant's claim that the counts of the indictment were
duplicitous is meritless because each count charged a single act
of sexual abuse occurring on a specific day and thus constituted
a single crime. See C.P.L. § 200.30(1). Therefore, contrary to
defendant's contention, the counts of the indictment are not
duplicitous. See People v. Keindl, 68 N.Y.2d 410, 420-21 (1986).

Defendant's contention that the court sentenced him on a
count of the indictment, on which he was not convicted, is not
preserved for review by this Court because defendant did not
object to the sentence on these grounds at the time of sentence.

15

See C.P.L. § 470.05(2). In any event defendant's claim is meritless.

Defendant was charged under Indictment 2415N/08 with fourteen counts of sexual abuse in the first degree, and fourteen counts of the lesser offense of sexual abuse in the third degree, involving fourteen separate instances of sexual abuse against the victim. The court determined that there was no reasonable view of the evidence that would warrant charging the jury with the lesser offenses of sexual abuse in the third degree, and thus, the court only charged the jury as to the fourteen counts of sexual abuse in the first degree. The jury convicted defendant of all fourteen counts of sexual abuse in the first degree under original counts 1, 3, 5, 9, 11, 13, 15, 17, 19, 21, 23, 25, and 27 of the indictment.

On July 15, 2009, the court sentenced defendant as follows:

> It is the judgment of this Court for the crime of sex abuse in the first degree, 14 counts, under Indictment 2415N of 2008, for which you stand convicted after trial, you are hereby sentenced on count one to a determinate term of seven years incarceration with a period of five years post-release supervision. With respect to counts two through thirteen, you are hereby sentenced to a period of incarceration of seven years and five years post-release supervision, concurrent on each count and that sentence under counts two through thirteen are to run concurrent with the sentence imposed on count

16

> one. Finally, with count number fourteen, you are hereby sentenced to five years determinate term of incarceration, with a period of five years post-release supervision. And this sentence is to run consecutively to the remaining counts.

Read in its proper context, it is evident that, when sentencing defendant, the court was referring to the fourteen counts of sexual abuse in the first degree of which defendant was convicted, not the actual counts of the indictment. Thus, in sentencing defendant on the fourteenth count of sexual abuse in the first degree, the court was sentencing defendant on the twenty-seventh count of the indictment, which was the last count in the indictment charging sexual abuse in the first degree. The court did not sentence defendant on the fourteenth count of the indictment. Indeed, the court properly sentenced defendant on all fourteen counts of sexual abuse in the first degree of which he was convicted.

Finally, defendant argues that because the court sentenced him to two consecutive sentences of seven years' incarceration to be followed by five years' of post release supervision, that his sentences of post-release supervision should merge. Although defendant is correct, his claim warrants no action by this Court. Pursuant to Penal Law § 70.45 (5)(c) "when a person is subject to

17

two or more periods of post-release supervision, such periods shall merge with and be satisfied by discharge of the period of post-release supervision having the longest unexpired time to run." Id. This, however, does not require a modification of the sentence. The terms and conditions of defendant's post release supervision will be established by the board of parole upon defendant's release from prison in accord with the provisions in Penal Law § 70.45. See Penal Law § 70.45(3).

In conclusion, defendant's sentence is entirely proper, and his complaints relative to his sentence are meritless.

## C O N C L U S I O N

### THE JUDGMENT OF CONVICTION SHOULD BE AFFIRMED.

Dated: Mineola, New York
April 2, 2013

Respectfully submitted,

KATHLEEN M. RICE
District Attorney, Nassau County
Attorney for Respondent
262 Old Country Road
Mineola, New York 11501
(516) 571-3800

Tammy J. Smiley
Barbara Kornblau
  Assistant District Attorneys
    of Counsel

19

CERTIFICATE OF COMPLIANCE WITH 22 NYCRR § 670.10.3(f)

BARBARA KORNBLAU does hereby certify as follows: This brief was prepared by computer; the body of the brief is double-spaced and utilizes a monospaced typeface (Dark Courier) of 12-point size; the footnotes are single-spaced and utilize the same typeface and point size; and, according to the word count of the word processing system used (Word 2010), the brief contains 3,407 words, exclusive of the cover, table of contents, proof of service, and certificate of compliance.

Dated: Mineola, New York
       April 2, 2013

                                        Barbara Kornblau
                                        BARBARA KORNBLAU