UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HAROLD GOPAUL,

                Plaintiff,

    -against-

STEVEN RACETTE,

                Defendant.

**MEMORANDUM & ORDER**
**15-CV-1781 (NGG)**
**15-CV-1782 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Harold Gopaul has filed two *pro se* petitions for writs of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his New York State court convictions in Nassau County and Queens County for sexual abuse of his minor stepdaughter. (*See* Queens Cnty. Pet. for Writ of Habeas Corpus ("Queens Pet.") (15-cv-1781) (Dkt. 1); Nassau Cnty. Pet. for Writ of Habeas Corpus ("Nassau Pet.") (15-cv-1782) (Dkt. 1).) For the reasons stated below, the petitions are DENIED.

## I. BACKGROUND

The court assumes familiarity with the underlying facts and procedural history of this case and summarizes that information only to the extent necessary to decide the instant petitions.

### A. The Queens County Convictions

Petitioner was charged in New York Supreme Court, Queens County, with thirteen counts of Criminal Sexual Act in the First Degree (N.Y. Penal Law § 130.50[1]), thirty counts of Sexual Abuse in the First Degree (N.Y. Penal Law § 130.65[1]), two counts of Criminal Sexual Act in the Second Degree (N.Y. Penal Law § 130.45[1]), seven counts of Criminal Sexual Act in the Third Degree (N.Y. Penal Law § 130.40[2]), Assault in the Third Degree (N.Y. Penal Law § 120.00[1]), and Endangering the Welfare of a Child (N.Y. Penal Law § 260.10[1]). (*See* Queens Cnty.

1

Opp. to Pet. ("Queen's Opp.") (15-cv-1781) (Dkt. 9) at 3-4.); *see also People v. Gopaul*, 112 A.D.3d 966, 966 (2013). He was convicted by the jury of six counts of Criminal Sexual Act in the First Degree, six counts of Sexual Abuse in the First Degree, Criminal Sexual Act in the Second Degree, two counts of Criminal Sexual Act in the Third Degree, Assault in the Third Degree, and Endangering the Welfare of a Child. *Gopaul*, 112 A.D.3d at 966. He was sentenced to 18 years of incarceration to be followed by 10 years of supervised release. (Queens Pet. at 4-5.)

Petitioner appealed his conviction to the Appellate Division, Second Department. *Gopaul*, 112 A.D.3d 966. There, he argued that the trial court wrongfully admitted expert testimony; allowed the prosecutor to make impermissible arguments during his opening and closing statements; improperly denied his request for a missing witness jury instruction in connection with the arresting officer; and erroneously admitted testimony from the victim and her friend concerning the abuse. *Id.* Petitioner's direct appeal was unsuccessful. *Id.* On March 21, 2014, his application to the New York Court of Appeals was denied. *People v. Gopaul*, 22 N.Y.3d 1156 (2014).

### B. The Nassau County Convictions

Petitioner was also charged in New York Supreme Court, Nassau County, for crimes arising from the same conduct. (*See* Nassau Cnty. Opp. to Pet. ("Nassau Opp.") (15-cv-1782) (Dkt. 8) at ECF p. 6.) On July 15, 2009, he was convicted, following a jury trial, of 14 counts of Sexual Abuse in the First Degree, pursuant to N.Y. Penal Law § 130.65. (Affidavit of Nassau Cnty. Dist. Atty. ("Nassau Affidavit") (15-cv-1782) (Dkt. 8) at ECF p. 4 ¶ 6.) He was sentenced to 12 years in custody and 5 years of supervised release. (Nassau Pet. at 1.)

Petitioner appealed his Nassau County conviction to the Appellate Division, Second Department. *People v. Gopaul*, 112 A.D.3d

964 (2013). In his direct appeal, he argued that the trial court improperly denied his motion to suppress statements and physical evidence; that his Fourth Amendment rights were violated; that the court improperly admitted testimony in violation of the New York State *Molineux* doctrine; that he was convicted on legally insufficient evidence; and that the court imposed an excessive and vindictive sentence. *Id.* On December 26, 2013, the Appellate Division affirmed the conviction. *Id.* On March 21, 2014, the Court of Appeals denied leave to appeal. *People v. Gopaul,* 22 N.Y.3d 1156 (2014).

### C. The Habeas Petitions

Petitioner submitted timely petitions for habeas relief challenging his Queens County and Nassau County convictions. (Queens Pet.; Nassau Pet.) His petitions present some of the same arguments that he raised in each of his direct appeals, and they are opposed by Queens County and Nassau County, respectively. (*Id.*; Queens Opp.; Nassau Opp.)

The applicable law and parties' arguments are addressed below.

## II. LEGAL STANDARD

A district court may review an application for a writ of habeas corpus submitted by a person in state custody if the petition asserts violations of the United States Constitution or other federal law. 28 U.S.C. § 2254(a). To obtain relief, petitioners must also demonstrate that they have met three requirements: (1) exhaustion and timeliness; (2) lack of a procedural bar; and (3) satisfaction of the deferential standard of review under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

### A. Exhaustion and Timeliness

A petitioner must have exhausted all available state court remedies to be eligible for federal habeas relief. 28 U.S.C. §

3

2254(b)(1). The purpose of the exhaustion doctrine is to ensure that a petitioner "first ha[s] given the state courts a fair opportunity to pass upon his federal claim." *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc); *see also Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (per curiam).[1] To satisfy this requirement, the petitioner must have "informed the state court of both the factual and the legal premises of the [federal] claim [] assert[ed]." *Daye*, 696 F.2d at 191.

Habeas petitions are subject to a one-year statute of limitations, which begins to run when the state judgment becomes final. 28 U.S.C. § 2244(d)(1); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

### B. Procedural Bar

A habeas petition is procedurally barred if it challenges a state court decision that "rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Cone v. Bell*, 556 U.S. 449, 465 (2009); *see also Coleman v. Thompson*, 501 U.S. 722, 748 (1991) ("Because this Court has no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory.") Failure to satisfy this requirement is commonly called "procedural default."

Procedural default may be excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

---

[1] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

### C. AEDPA Standard of Review

Under AEDPA, the court applies a deferential standard of review to the merits of federal claims asserted in Section 2254 petitions. Habeas relief may only be granted if the state court's adjudication:

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). The words "clearly established federal law" refer to "the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." *Howard v. Walker*, 406 F.3d 114, 122 (2d Cir. 2005). The central question is "not whether the state court was incorrect or erroneous in rejecting petitioner's claim, but whether it was objectively unreasonable in doing so." *Ryan v. Miller*, 303 F.3d 231, 245 (2d Cir. 2002). With regard to the state court's factual determinations, "a federal court is required to presume that a state court's factual findings are correct and to place on the petitioner the burden of rebutting this presumption by clear and convincing evidence." *Fulton v. Graham*, 802 F.3d 257, 262 (citing 28 U.S.C. § 2254(e)(1)).

### III. DISCUSSION

#### A. Queens County Petition

Petitioner presents four grounds for challenging his Queens County convictions and sentencing. For the reasons stated below, his Queens County Petition is denied.

1.  State Evidentiary Rulings

Petitioner attacks two state evidentiary rulings from his Queens County convictions. He first argues that his due process rights were violated because the trial court admitted expert testimony concerning patterns in sexual abuse victim behavior that were not "beyond the ken" of a typical juror. (Queens Pet. at 6A-6D.) He additionally argues that the trial court erred, also in violation of his due process rights, by admitting certain testimony of the victim and her friend. (*Id.* at 10A-10C.) In response, Queens County contends, *inter alia*, that these claims should be rejected because Petitioner has not sufficiently raised a federal issue and because he did not exhaust his claims in the state court system. (Queens Opp. at 13-14.)

Neither of Petitioner's evidentiary challenges presents a federal issue for this court's review. His first claim is that expert testimony is inadmissible under New York State law unless its subject matter is beyond the understanding of the reasonable juror. (*Id.*) However, evidentiary claims typically involve issues of state, not federal, law. *See, e.g., Katowski v. Greiner*, 212 F. Supp. 2d 78, 86 (E.D.N.Y. 2002) (rejecting habeas petitioner's challenge to state evidentiary ruling). And Petitioner almost exclusively references New York State, not federal, law, in support of this claim. (Queens Pet. at 6A-6D.) The only invocation of the federal constitution is found in the penultimate paragraph of his argument, where he asserts that the admission of expert testimony was an error that "violated my constitutional right to due process of law." (*Id.* at 6C.)

Merely citing the right to due process, without more, does not convert errors of state law into constitutional violations. *See DiGuglielmo v. Smith*, 366 F.3d 130, 136 (2d Cir. 2004); *see also Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985) (To demonstrate that "an evidentiary error deprived [Petitioner] of due process, he must show that the error was so pervasive as to have denied

him a fundamentally fair trial.") Petitioner has not argued that the contested evidence, in light of the full record, "was sufficiently material to provide the basis for conviction or to remove reasonable doubt that would have existed on the record without it." *Collins*, 755 F.2d at 18. To the contrary: he argues that the expert testimony was superfluous in light of the other evidence, including lay testimony, that was offered during trial. (Queens Pet. at 6A-6D.) Accordingly, Petitioner has not demonstrated that the introduction of expert testimony denied him due process of the law.

Petitioner's second evidentiary claim fails for the same reason. He contends that the New York court erred by admitting testimony of the victim and her friend describing the abuse because it was inadmissible hearsay not subject to an exception. In support of this argument, his only reference to federal issues is a one-sentence assertion that the introduction of this evidence "deprived petitioner of his due process right to a fair trial." (*Id.* at 10A.) The remainder of his argument invokes New York law. Thus, this claim also fails to present any federal questions that this court may resolve.

Even if he had presented federal questions in his Petition, his evidentiary claims would not be cognizable because he has not argued that he alerted the state court to the purportedly constitutional dimension of his arguments. *See Daye*, 696 F.2d at 191. As discussed above, his habeas briefing fails to reference any constitutional arguments, outside of the unsubstantiated claim in each argument section that his constitutional rights were violated.[2] (Queens Pet.; Reply in Supp. of Queens Pet. (Dkt. 13) at

---

[2] Petitioner does not appear to have submitted the Appellate Division briefing for this court's review. Accordingly, the court is unable to investigate the underlying arguments firsthand. Relying on the federal habeas briefing, however, the court observes that Petitioner does not assert that he

3-6.) Nor does he assert that he raised any constitutional claims in his state court proceedings. Thus, Petitioner has failed to demonstrate that he exhausted his state remedies.

Because Petitioner has not presented a federal question, or, alternatively, because he has failed to exhaust his remedies in state court, his claims for relief on the grounds that the trial court wrongfully admitted expert and hearsay testimony is denied.

### 2. Prosecutor's Opening and Closing Statements

Petitioner next argues that the trial court erred, in violation of his due process rights, by allowing the prosecutor to improperly address the jury in opening and closing statements. (Queens Pet. at 7A-7E.) Specifically, he contends that the prosecutor impermissibly (1) elicited sympathy for the victim; (2) labeled defense "ridiculous" and "absurd;" (3) asserted that the victim would have to be a "sick, despicable human being if she were to falsely accuse Petitioner; and (4) asked the jury to rely on the grand jury vote to reach a guilty verdict. (*Id.*)

Queens County responds that Petitioner's claim is meritless because the state court relied on an adequate and independent state law ground when it denied this claim on direct appeal. (Queens Opp. at 36.) The court agrees. The Appellate Division rejected Petitioner's prosecutorial misconduct argument on the grounds that it was unpreserved for appellate review. *People v. Gopaul*, 112 A.D.3d 966, 967 (2013) (citing N.Y. Code Crim. Proc. 470.05[2]; *People v. Thompson*, 99 A.D.3d. 819, 819 (2012); *People v. Umoja*, 70 AD3d 867, 868 (2010); *People v. Tate*, 275 AD2d 380, 381 (2000).) The Appellate Division found that Petitioner failed to object to the purported violations contemporaneously, as required by New York State law. (*Id.*)

---

made any constitutional arguments in the state court litigation. Accordingly, he has not shown that he presented a federal issue to the state court, and his claim is denied.

Because the reviewing state court set forth a plain statement explaining the well-established state law grounds for rejecting Petitioner's argument, *see Harris v. Reed*, 489 U.S. 255, 263-65 (1989), Petitioner's prosecutorial misconduct claims are procedurally barred.

Petitioner has not argued that the default should be excused because of cause and prejudice. Thus, his prosecutorial misconduct claim is denied. *See Francis v. Henderson*, 425 U.S. 536, 542 (1976) (requiring petitioner to show cause and prejudice to excuse procedural default).

### 3. Denial of Petitioner's Request for a Missing Witness Jury Instruction

Petitioner's final challenge to his Queens County conviction is that his due process rights were violated when the trial court denied his application for a missing witness charge as to his arresting officer. (Queens Pet. at 9A-9D.) He asserts that, under well-settled law, after a party has "established prima facie that an uncalled witness is knowledgeable about a pending material issue and that such witness would be expected to testify favorably to the opposing party," the burden shifts to the opponent to "account for the witness' absence or otherwise demonstrate that the charge would not be appropriate." (*Id.* at 9A.) He asserts that he met this initial burden in the state court proceedings by alleging that the police officer who received his confession was knowledgeable about the circumstances of his arrest, which, he contends, included use of excessive and coercive force. (*Id.* at 9B-9C.) He further asserts that the prosecution, by failing to show that the witness was unavailable or providing other reasons that his testimony was not relevant, did not carry its burden. (*Id.* at

9C). Accordingly, he contends that the trial court erred by summarily denying his request for a missing witness charge.[3] (*Id.*)

Petitioner's missing witness claim fails to raise an issue of federal law. *See* 28 U.S.C. § 2254(a); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Wright v. Marshall*, No. 05-cv-2280, 2005 WL 1861633, at *4 (E.D.N.Y. Apr. 4, 2005) ("A state trial court's jury instruction, such as a missing witness charge, is ordinarily a matter of state law."). Here, as on his evidentiary claims, Petitioner exclusively relies upon and analyzes state law, and fails to invoke a federal issue. Thus, this claim is also denied.

### B. Nassau County Petition

Petitioner asserts five grounds for challenging his Nassau County convictions and sentencing, discussed below.

#### 1. *Miranda* Rights

Petitioner contends that the trial court erred by admitting written and videotaped statements in violation of his *Miranda* rights. (Nassau Pet. at 6A.) In response, Nassau County argues that this claim fails because he has not satisfied the AEDPA standard of review. (Nassau Opp. at 4.)

A defendant's post-arrests statements may be admissible if there has been a knowing, voluntary, and intelligent waiver of their *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966); *Miller v. Fenton*, 474 U.S. 104, 112 (1985). The court considers the totality of the circumstances in evaluating whether a waiver occurred; those circumstances may include the length of detention, the conduct of law enforcement, and the use of coercive strategies. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973).

---

[3] The Appellate Division held that the trial court erred by failing to advise the jury with a missing witness charge, but it concluded that the error was harmless because the evidence of guilt was overwhelming. *See Gopaul*, 112 A.D.3d at 967.

This court reviews legal findings *de novo*, and it must presume that the trial court's factual findings are correct; it is Petitioner's burden to rebut this presumption by clear and convincing evidence. *See Fulton*, 802 F.3d at 262 (citing 28 U.S.C. § 2254(e)(1)).

The trial court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. The trial court determined that, over the course of approximately 4.5 hours in custody, Petitioner was read his *Miranda* rights from a pre-printed form by Detective Shulman; that Detective Shulman noted "yes" next to each question on the form, as did Petitioner; that he subsequently made two statements to the police; that his demeanor was calm throughout; and that he did not appear to be injured or distressed. (Queens Cnty. App. Div. Br. [Dkt. 8-2] at 30-36.) These facts are adequate to support the trial court's conclusion that Petitioner validly waived his *Miranda* rights. *See Schneckloth*, 412 U.S. at 226; *Columbe v. Connecticut*, 367 U.S. 568, 602 (1961); *United States v. Ruggles*, 70 F.3d 262, 265 (2d Cir. 1995). Thus, Petitioner's *Miranda* claim is denied.

### 2. Sufficiency of the Evidence

Petitioner next claims that the evidence was legally insufficient to support his conviction. (Nassau Pet. at 9A-9C.) Petitioner did not object to the sufficiency of the evidence in the trial court proceedings, instead raising it for the first time on direct appeal. *See Gopaul*, 112 A.D.3d 964, at 965. Accordingly, the Appellate Division rejected this objection as unpreserved. *Id.* For the reasons explained *supra*, (*see* Section III.A.2.), failure to preserve an argument for appeal constitutes waiver of those claims; thus, Petitioner has procedurally defaulted on these claims. *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 2009). Because he has procedurally defaulted and has not argued any cause or prejudice for this default, this claim is denied.

3.  Other Evidentiary Claims

Petitioner next contends that the trial court erred by denying his motion *in limine* to exclude evidence of his Queens County charges. (Nassau Pet. at 7A-7E.) He contends that this evidence of prior bad acts constituted improper propensity evidence under the New York State *Molineux* rule and that it violated his right against self-incrimination. (*Id.*)

Like the evidentiary claims in his Queens County Petition, Petitioner's *Molineux* argument only involves questions of state, not federal, law. *See Katowski*, 212 F. Supp. 2d at 86; *People v. Molineux*, 168 N.Y. 264 (1901). As explained *supra*, (*see* Section III.A.1.), to demonstrate that "an evidentiary error deprived [Petitioner] of due process, he must show that the error was so pervasive as to have denied him a fundamentally fair trial." *Collins*, 755 F.2d at 18. To satisfy this burden, Petitioner must show that the contested evidence, in light of the full record, "was sufficiently material to provide the basis for conviction or to remove reasonable doubt that would have existed on the record without it." *Id.*

Petitioner has not shown that admission of the Queens charges denied him a fair trial. Under both federal and New York State evidentiary rules, uncharged criminal conduct is inadmissible to establish propensity but may be admissible for other purposes, including "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); *Molineux*, 168 N.Y. 264. It may also be admissible to provide context or background for the charges being litigated. *See United States v. Jackson*, 2002 WL 31101718, at *2 (2d Cir. Sept. 20, 2002); *People v. Haidara*, 65 A.D. 3d. 974, 974 (N.Y. App. Div. 2009). Even if that evidentiary ruling arguably denied him due process, the weight of the evidence supporting his conviction undermines any claim that the violation was "so pervasive as to have denied him a fundamentally fair trial." *Collins*, 755

F.2d at 18. Thus, admission of this evidence did not violate Petitioner's due process rights.

### 4. Fourth Amendment Claims

Petitioner contends that the trial court erred by admitting into evidence massagers and a knife, which were obtained during police searches of Petitioner's car and home, in violation of his Fourth Amendment rights. (Nassau Pet. at 6A-6F.) Fourth Amendment claims that were fully and fairly litigated in the state court proceedings are not reviewable in a federal habeas petition. *See Stone v. Powell*, 428 U.S. 465, 494 (1976); *Jackson v. Scully*, 781 F.2d 291, 297 (2d Cir. 1986). Here, Petitioner challenges the conclusion of the trial court; he does not contend that he was denied the chance to fully and fairly litigate his claim. (*See* Nassau Pet. at 6A-6F.) In any event, the record reflects that the trial court held a suppression hearing in which Petitioner had the opportunity to cross-examine witnesses; present evidence; and advance legal arguments in support of his argument for suppressing the evidence. (*See* Pre-Trial Suppression Hearing Minutes (Dkt. 8-11).) The trial court denied the claim, and the Appellate Division upheld that decision. *Gopaul*, 112 A.D.3d 964, at 964-65. Thus, the Fourth Amendment claim is denied.

### 5. Imposition of an Excessive and Constitutionally Vindictive Sentence

Lastly, Petitioner claims that the trial court violated his due process rights by imposing an excessive and unconstitutionally vindictive sentence. (Nassau Pet. at 10A-10B.) Nassau County argues that he failed to exhaust his claim that the sentence was unconstitutionally vindictive, and that his claim that it was excessive does not invoke a federal issue that this court may resolve. (Nassau Opp. at 25-27.)

The court agrees that Petitioner failed to exhaust his vindictiveness claim because he did not raise it in his application for leave

13

to appeal to the New York Court of Appeals. *Coleman v. Thompson*, 501 U.S. 722, 732, 749-51 (1991). Nor has he argued cause or prejudice, or actual innocence, to excuse the procedural default. *See Jones v. Keane*, 329 F.3d 290, 296 (2d Cir. 2003). Thus, his claim that his sentence was unconstitutionally vindictive is denied.

The court also agrees that the excessive sentencing claim does not present a federal issue reviewable under Section 2254. Petitioner does not dispute that he was sentenced within the applicable range prescribed by state law. Federal habeas review of this claim is therefore unavailable. *See Ross v. Gavin*, 101 F.3d 687 (2d Cir. 1996) (summary order). Accordingly, his excessive sentencing claim is also denied.

### IV.  CONCLUSION

For the reasons stated above, the Queens County Petition (15-cv-1781 [Dkt. 1]) and the Nassau County Petition (15-cv-1782 [Dkt. 1]) are DENIED.

SO ORDERED.

Dated:     Brooklyn, New York
           November 5, 2021

                                             /s/ Nicholas G. Garaufis
                                             NICHOLAS G. GARAUFIS
                                             United States District Judge